UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Respondent,<br><br>     v.<br><br>TRUNEL BUTLER,<br><br>                 Movant. | No.  2:04-cr-0019 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Movant, a former federal prisoner proceeding pro se, has filed a motion to arrest judgment pursuant to Federal Rule of Criminal Procedure 34 (ECF No. 200) and a motion for leave to amend (ECF No. 211).

Movant pled guilty to possession of cocaine with intent to distribute on May 4, 2004. ECF Nos. 21, 29. Judgment was imposed on August 3, 2004 (ECF Nos. 29), and amended on July 31, 2007 (ECF Nos. 97, 98). In his motion, movant seeks to arrest judgment on the ground that the court lacked subject matter jurisdiction. ECF No. 200. Construing the motion with liberality, it appears that movant may also be alleging that he did not knowingly and voluntarily enter into the plea agreement. Id.

Under Rule 34, "[t]he defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere." Fed. R. Crim. P. 34(b). Movant entered a plea of guilty on May 4, 2004. ECF Nos. 21, 29. The

fourteen-day time limitation has long been exceeded and movant has not demonstrated that his failure to timely file is due to excusable neglect.  Fed. R. Crim. P. 45(b)(1)(B).  Movant's motion to arrest judgement should therefore be denied as untimely.

To the extent the motion might alternatively be construed as a motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255, the court declines to so construe the motion.  See Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) ("As a general rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'") (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)).  First, the court would have to provide movant with the warnings required by Castro v. United States, 540 U.S. 375 (2003), prior to any such re-characterization.  Next, in his motion, movant states that he was "sentenced to 75 months of imprisonment followed by 48 months of supervised release."  ECF No. 200 at 2.  Court records show that movant's sentence was later reduced to 48 months of imprisonment.  ECF Nos. 97, 98.  Movant was sentenced in 2004 and is no longer incarcerated or subject to supervised release.  It therefore appears that he has completely served his sentence and is no longer "in custody" within the meaning of § 2255.  See 28 U.S.C. § 2255(a) ("A prisoner *in custody* . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.") (emphasis added).  Finally, even if the motion were properly construed as a motion under § 2255 and movant consented to the re-characterization, it appears the motion would be untimely.

A motion for § 2255 relief must be brought within one year from:

>  (1) the date on which the judgment of conviction becomes final;
> 
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>  (4) the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant does not allege any impediment to his ability to file the motion, nor does he claim any right recently recognized by the Supreme Court or that there are newly discovered facts supporting his claim. ECF No. 200. Movant therefore had to bring any motion under § 2255 within one year of his conviction becoming final. A conviction becomes final "upon the expiration of the time during which [movant] could have sought review by direct appeal." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Even assuming that the statute of limitations is appropriately calculated based on the 2007 amended judgment (ECF Nos. 97, 98), movant's time to file a motion under § 2255 expired in August of 2008,[1] nearly eight years before the instant motion was filed.

Since the motion to arrest judgment should be denied as untimely and re-characterization as a motion under § 2255 appears to be inappropriate, the motion to amend will be denied because any amendment would be futile.

Accordingly, IT IS HEREBY ORDERED that movant's motion for leave to amend the motion to arrest judgment (ECF No. 211) is denied.

IT IS FURTHER RECOMMENDED that movant's motion to arrest judgment (ECF No. 200) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, movant may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Movant is advised that failure to file objections within the specified

////

////

---

[1] Because movant did not file an appeal, his conviction became final ten days after he was sentenced. Fed. R. App. P. 4(b)(1)(A)(i) (2007) (defendant in a criminal case must file a notice of appeal within ten days of the entry of judgment).

3

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 24, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE